```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA

                         AT CHARLESTON
```

**FARRELL G. KELLY,**

      **Plaintiff,**

**v.**                                       **Civil Action No. 2:18-cv-1074**

**WEST VIRGINIA REGIONAL JAIL CORRECTIONAL
FACILITY AUTHORITY, and CORRECTIONAL
OFFICER BARRETT, and CORRECTIONAL OFFICER
GRAHAM, and CORRECTIONAL OFFICER DILLARD,
and CORRECTIONAL OFFICER WOOD, and
CORRECTIONAL OFFICER MILLER, and CORRECTIONAL
OFFICER CHANNEL, and JOHN/JANE DOE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is a motion to remand filed by the plaintiff on July 20, 2018.

### I. Background

This is an excessive force case originally filed in the Circuit Court of Kanawha County, West Virginia. The plaintiff was a pre-trial detainee incarcerated at Tygart Valley Regional jail who claims that unwarranted use of force was used against him by the defendant police officers. Amended Compl. ¶ 1. Mr. Kelly brought three separate counts in his amended complaint, including a Section 1983 claim, assault and battery, and intentional infliction of emotional distress. On June 22, 2018, the West

Virginia Regional Jail and Correctional Facility Authority ("WVRJA") removed based on federal question jurisdiction, and filed its answer to the amended complaint in the circuit court. Plaintiff moved for remand, arguing that removal was untimely. Specifically, Mr. Kelly contends that because the defendant was served on May 21, 2018, but filed its notice of removal on June 22, 2018, the WVRJA did not comply with 28 U.S.C. § 1446(b), insofar as the statute requires that removal occur within 30 days after receipt of service. See Mot. Remand.

## II. Discussion

A defendant who seeks removal of a civil action from a state court must file a notice of removal within 30 days after receiving, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons." 28 U.S.C. § 1446(b). And so, the clock on the 30-day time limit begins to run on "formal receipt" by service of process. See Woodruff v. Hartford Life Group Ins. Co., 378 F. Supp. 2d 546, 549 (D. Md. 2005) (citing Murphy Bros., Inc. v. Michetti Pipe Striging, Inc., 526 U.S. 344, 350-53 (1999)) ("the Supreme Court explained that the trigger for the 30-day period was formal receipt by service of process") (emphasis supplied). Service on a West Virginia state agency such as WVRJA must be made

2

by either: (1) delivering a copy of the summons and complaint to "any officer, director or governor thereof" or (2) delivering copies to an "agent or attorney in fact authorized by appointment or by statute to receive or accept service" on the defendant's behalf.  See White v. Berryman, 418 S.E.2d 917, 922 (W. Va. 1992) (citing W. Va. R. Civ. P. 4(d)(6)).

For the reasons set out in WVRJA's response to the motion to remand, to which plaintiff has not filed a reply, service was not proper on May 21, 2018.  According to the affidavit of David Farmer, Executive Director of WVRJA, the plaintiff delivered these documents to an individual who was not employed by the defendant.  Resp. in Opp. Remand, Exhibit C.  Rather, he worked the front desk at the address where the summons and complaint were delivered, and where several state agencies apparently operate, including WVRJA.  Id. at 2.  He was instead employed by the West Virginia Department of Corrections and was not otherwise authorized to accept service on behalf of WVRJA.  Id. at Exhibit C.  Thus, the individual who received service on May 21, 2018 was not an officer, director, governor, or agent of the defendant.  Accordingly, service was not proper, and the 30-day period did not begin to run on that date.

III. Conclusion

For the reasons stated herein, the defendant's removal was not untimely, and therefore, the plaintiff's motion for remand must be denied. It is, accordingly, ORDERED that Mr. Kelly's motion to remand and for expenses be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 8, 2018

John T. Copenhaver, Jr.
Senior United States District Judge