```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON

FARRELL G. KELLY,

         Plaintiffs,

v.                                  Civil Action No. 2:18-cv-01074

WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY
AUTHORITY; CORRECTIONAL
OFFICERS BARRETT; GRAHAM;
DILLARD; WOOD; MILLER;
CHANNELL; AND JOHN/JANE DOE,

         Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is defendant West Virginia Regional Jail Correctional Facility Authority's ("WVRJCFA") motion to dismiss, filed August 21, 2018.

### I. Background

This is an excessive force case originally brought by the plaintiff, Farrell G. Kelly ("Kelly"), in the Circuit Court of Kanawha County, West Virginia. Kelly filed his amended complaint on April 20, 2018 and the defendants removed on June 22, 2018.

Kelly was a pre-trial detainee at Tygart Valley Regional Jail, located in Bellington, West Virginia, when he

claims the defendant correctional officers used excessive force against him. Amended Compl. ¶ 1. The plaintiff was acquitted by a jury of the offense for which he was being detained on or around March 31, 2016 and released thereafter. Id.

On or around March 24, 2016, Kelly claims the defendants told him to "cuff up," and asserts that he complied with the order. Id. ¶ 13. Once handcuffed, the defendants allegedly "entered [Kelly's] cell" and "used excessive force" against him "by, among other things, slamming [him] into the ground and hitting and kicking" him. Id. ¶ 14. According to the plaintiff, he was "kicked in the face with such force that he chipped/damaged his front teeth" and "suffered bruising, abrasions, and injury to his back." Id. The plaintiff claims to have posed no "threat to the defendants" during the course of the alleged events. Id. at ¶ 15.

Kelly asserts that the defendants' conduct violated West Virginia C.S.R. 95-1-15.9, which imposes a duty upon employees to protect inmates from harm and to comply with the use of force policy adopted by WVRJCFA. Id. ¶ 15. In addition, the plaintiff claims the conduct alleged violated his Fourteenth Amendment right to be free from excessive force. As a result, Kelly filed this five-count action consisting of Counts I, II, IV, V, and VI (there is no Count III). The five counts charge

as follows: Count I, assault and battery; Count II, intentional infliction of emotional distress/outrageous conduct; Count IV, violation of 42 U.S.C. § 1983; Count V reckless/gross negligence in supervision/training/hiring; and Count VI, vicarious liability.  Plaintiff asserts Count IV solely against the individual correctional officers and Count V solely against WVRJCFA.  Counts I and II are asserted against WVRJCFA as well as the officers and Count VI is a vicarious liability claim against only WVRJCFA.  WVRJCFA seeks dismissal of those claims made against it.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957),

overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Discussion

First, WVRJCFA seeks dismissal of Counts I, II, and VI against it, all based upon a theory of respondeat superior or vicarious liability. Second, it claims that Count V, reckless

4

or gross negligence in supervision, training, and hiring, fails to state a claim upon which relief can be granted and likewise should be dismissed.

Relying on the West Virginia Supreme Court of Appeals' decision in West Virginia Regional Jail and Correctional Authority v. A.B., 766 S.E.2d 751 (W. Va. 2014), WVRJCFA claims it is entitled to qualified immunity and thus cannot be held vicariously liable for the actions of the defendant correctional officers because the alleged conduct fell outside the scope of employment.

An officer who is "acting within the scope of his authority and is not covered by the provisions of W. Va. Code, 29-12A-1 et seq. is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known." A.B., 766 S.E.2d at 762 (quoting Syl., in part, State v. Chase Securities, 188 W. Va. 356 S.E.2d 591 (1992)). Qualified immunity "may extend to protect the State against suit in contexts other than legislative, judicial, or executive policy-making settings" where an "officer intentionally inflicts an injury or acts completely outside his authority." Parkulo v. W. Virginia Bd. of Prob. & Parole, 483 S.E.2d 507, 522-23 (1996).

In A.B., the court held that where an "employee's conduct which properly gives rise to a cause of action is found to be within the scope of his authority or employment," the State is not entitled to qualified immunity and may "therefore be liable under the principles of respondeat superior." Id. at 765 (italics in original). Therefore, no immunity exists where "State actors violate clearly established rights while acting within the scope of their authority and/or employment." Id. On the other hand, when an employee's actions are determined to be "outside of the scope of his duties, authority, and/or employment, the State and/or its agencies are immune from vicarious liability." Id. at 767.

The court further clarified that generally, the question of whether an officer was acting within the scope of employment would be one of fact for a jury, but that where the facts are not disputed and a factfinder could not reasonably determine that an act was committed within the scope of employment, a court is not precluded from making this finding as a matter of law. Id. at 768. According to the West Virginia Supreme Court of Appeals, a court should look to the purpose of the act to make this determination. Id. If the act was directed by the employer, or "an ordinary and natural incident or result of" the directed act, then it should be considered to

6

have been within the scope of employment. Id. (emphasis in original; internal quotations omitted).

An employee's conduct is within the scope of employment if it is: "(1) <u>of the kind he is employed to perform</u>; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, <u>by a purpose to serve the master</u>, and; 4) if force is used, <u>the use of force is not unexpectable by the master</u>." Id. at 769 (emphasis in original; footnote omitted). However, conduct does not fall "within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Id. (emphasis added in original; internal quotation marks omitted).

Applying the principles from A.B., this court addressed whether the defendant correctional officers in Sanders v. Jones, 2016 WL 3512247, at *4 (S.D. W. Va. 2016), were acting within the scope of their employment when they removed plaintiff "from his pod, escorted him to the recreation yard and began striking [him] in the face, stomach and other parts of his body as well as slamming Plaintiff's head against the ground causing Plaintiff to lose consciousness." Additionally, "one of the individual Defendants informed Plaintiff that if he reported the

abuses, the next beating was going to be ten (10) times worse."
<u>Id.</u>

The court held the allegations "plainly demonstrate activities that a reasonably prudent person would know violate clearly established laws and constitutional rights, and are malicious and oppressive." <u>Id.</u>  Further, that "no reasonable factfinder could conclude that the unjustified, purposefully, and malicious attack . . . could even remotely serve the purpose of the WVRJCFA." <u>Id.</u>  Thus, the court concluded that the officers were not acting within the scope of their employment when the alleged acts occurred and, as a result, WVRJCFA was shielded from liability pursuant to its state immunity.

Similarly here, the plaintiff alleges that the defendant correctional officers forcibly pushed him to the ground while handcuffed, and hit him and kicked him in the face and back.  As a result, he claims to have damaged his teeth and suffered severe bruising and abrasions to his back.  All the while, Kelly was apparently complaint and posed no threat to the correctional officers.  Assuming the truth of these allegations, they clearly demonstrate acts that a reasonably prudent person would know violate clearly established constitutional rights, and are malicious and oppressive.  Accordingly, the court finds that no reasonable factfinder could conclude that the purposeful

8

and malicious attacks alleged in the plaintiff's complaint could serve the purpose of WVRJCFA. Therefore, defendant WVRJCFA is entitled to immunity on Counts I, II, and VI.

Turning to the second issue, whether plaintiff's reckless/gross negligence in training, supervision, and hiring claims should be dismissed, the court finds they should not. In A.B., the court explained that, in the absence of a named "bad actor," claims of negligent hiring, supervision, and the like, are also based upon a theory of vicarious liability. A.B., 766 S.E.2d at 772. These claims are "derive[d] from the alleged negligence of some public officer(s) or employee(s) responsible for the training, supervision, and retention" of the officers. Id. Such broad categories of duties "easily fall within the category of 'discretionary' governmental functions." Id. at 773 (citations omitted). But immunity is not "automatic" simply because they are discretionary functions; if a plaintiff "can nonetheless demonstrate that WVRJCFA violated a 'clearly established' right or law with respect to its training, supervision, or retention of [an officer], the WVRJCFA is not entitled to immunity." Id. at 774; see also Sanders, 2016 WL 3512247, at *4. The court specifically identified C.S.R. § 95-1-1 et seq. as a state regulation which "govern[s] certain aspects of the training, supervision, and retention of jail

9

employees as set forth in the 'West Virginia Minimum Standards for Construction, Operation, and Maintenance of Jails'" and noted that, because A.B. failed to identify a single regulation, such as the one cited above, her negligent training, supervision, or retention claim failed. Id. at 774.

In his complaint, Kelly claims that WVRJCFA violated C.S.R. 95-1-15.9, which sets forth the following:

> Inmates shall be protected from personal abuse, corporal punishment, personal injury, disease, property damage and harassment. In instances where physical force or disciplinary detention is required, only the least restrictive means necessary to secure order or control shall be used. Administrative segregation shall be used to protect inmates from themselves or other inmates.

Amended Compl. ¶ 15. Kelly contends this rule was violated when WVRJCFA "failed to properly train, supervise, and screen defendants prior to hiring them and placing them in contact with inmates" and "allowed the individual defendants to have contact with plaintiff and all other inmates without the requisite psychological testing and training on the proper use of force." Amended Compl. ¶ 32. He further claims that "[p]olicy [i.e., C.S.R. 95-1-15.9] required that these individuals be removed from contact with inmates until a thorough investigation was completed," but that defendant WVRJCFA "failed to follow" this policy. Id. ¶ 33.

Inasmuch as the plaintiff contends that WVRJCFA violated a clearly established law with respect to training and supervision, C.S.R. 95-1-15.9, and that WVRJCFA failed to comply with the requirements therein, resulting in injury to him, the plaintiff's allegations under Count V are sufficient to state a claim for relief. Thus, the defendant's motion to dismiss as to Count V must be denied.

III. Conclusion

For the reasons stated herein, it is ORDERED that:

1. The defendant West Virginia Regional Jail Correctional Facility Authority's motion be, and hereby is, granted as to Counts I, II, and VI and denied as to Count V.

2. Counts I and II be, and hereby are, dismissed as to the West Virginia Regional Jail Correctional Facility Authority.

3. Count VI be, and hereby is, dismissed.

The clerk is directed to transmit copies of this order to all counsel of record, the plaintiff, and to any unrepresented parties.

ENTER: March 29, 2019

John T. Copenhaver, Jr.
Senior United States District Judge