```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**FARRELL G. KELLY,**

        Plaintiffs,

v.                                         Civil Action No. 2:18-cv-01074

**WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY
AUTHORITY; CORRECTIONAL
OFFICERS BARRETT; GRAHAM;
DILLARD; WOOD; MILLER;
CHANNELL; AND JOHN/JANE DOE,**

        Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending is a motion to dismiss (ECF No. 10), filed July 30, 2018 by defendant Correctional Officers Channel and Miller, and a motion to dismiss (ECF No. 16), filed August 21, 2018 by defendant Correctional Officers Barrett, Dillard, Graham, and Wood. Those six correctional officers constitute all of the identified individual defendants in this case.

**I. Background**

This is an excessive force case originally brought by the plaintiff, Farrell G. Kelly ("Kelly"), in the Circuit Court of Kanawha County, West Virginia. Kelly filed his amended

complaint on April 20, 2018 and the defendants removed on June 22, 2018.

Kelly was a pre-trial detainee at Tygart Valley Regional Jail, located in Belington, West Virginia, when he claims the defendant correctional officers used excessive force against him. Amended Compl. ¶ 1. The plaintiff was acquitted by a jury of the offense for which he was being detained on or around March 31, 2016 and released thereafter. Id.

On or about March 24, 2016, Kelly, a pre-trial detainee at the jail, claims the defendants told him to "cuff up." Id. ¶ 13. He asserts that he complied with the order and his hands were handcuffed behind his back. Id. Once handcuffed, the defendants allegedly "entered [Kelly's] cell and accosted [him] and used excessive force against [him] by, among other things, slamming [him] into the ground and hitting and kicking" him. Id. ¶ 14. According to the plaintiff, he was "kicked in the face with such force that he chipped/damaged his front teeth" and "suffered bruising, abrasions, and injury to his back" from the use of excessive force by the defendants. Id. The plaintiff claims that "[a]t no time was [he] a threat to the defendants and at no time did [he] threaten any of the defendants." Id. ¶ 15. Plaintiff adds that his injuries required medical treatment that he was denied. Id. at ¶ 17.

2

Plaintiff further alleges that the officers' conduct was carried out without just cause, was outrageous and intentional, proximately caused him to suffer severe bodily injuries, and was done to inflict unnecessary harm upon him when he posed no threat or harm. Id. ¶ 21, 22.

Kelly asserts that the defendants' conduct violated West Virginia C.S.R. 95-1-15.9, which imposes a duty upon employees to protect inmates from harm and to comply with the use of force policy adopted by WVRJCFA. Id. ¶ 15. In addition, the plaintiff claims the conduct alleged violated his Fourteenth Amendment right to be free from excessive force.

As a result, Kelly filed this five-count action consisting of Counts I, II, IV, V, and VI (there is no Count III). Counts V and VI are only against WVRJCFA, and Count VI (vicarious liability) has been dismissed by prior order of the court.[1]

At issue here are the remaining three counts that charge the individual correctional officers as follows: Count I, assault and battery; Count II, intentional infliction of emotional distress/outrageous conduct; and Count IV, violation

---

[1] Count V alleges reckless/gross negligence in supervision/training/hiring against WVRJCFA.

of 42 U.S.C. § 1983. The individual correctional officers now seek to dismiss Counts I, II, and IV.

II. Discussion

A. Counts I and IV

In Count IV, Kelly alleges a Section 1983 claim against the six individual defendant correctional officers, Barrett, Graham, Dillard, Wood, Miller, and Channel, claiming that the conduct alleged violated his constitutional rights under the Fourteenth Amendment. He also alleges state law assault and battery in Count I. The defendants move to dismiss both counts on the basis of qualified immunity.

Qualified immunity shields a correctional officer from allegations of constitutional violations and civil liability in situations where the officer was engaged in acts which constitute a discretionary function, were carried out "within the scope of his authority," and which "did not violate clearly established laws of which a reasonable official would have known." Syl. pt. 5, <u>W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.</u>, 766 S.E.2d 751 (2014). Qualified immunity does not cover acts that are "fraudulent, malicious, or otherwise oppressive." <u>Id.</u>

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To establish that an officer's force was excessive, a plaintiff must show "only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). ["I]n determining whether the force used was objectively unreasonable, a court considers evidence 'from the perspective of a reasonable officer on the scene.'" Duff v. Potter, 665 Fed. Appx. 242, 244 (4th Cir. 2016).

To prove that an employee has violated a clearly established right of the plaintiff, one must make a "particularized showing" that a "reasonable official would understand that what he is doing violated that right" or that "in light of preexisting law the unlawfulness" of the act was "apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "[T]he question of whether the constitutional or statutory right was clearly established is one of law for the court." Hutchinson v. City of Huntington, 479 S.E.2d 649, 659 n.11 (W. Va. 1996).

Kelly asserts that he was harassed, assaulted, and battered when he was slammed to the ground, forcefully pinned

down by his head and neck, and kicked in the face by the defendant correctional officers after they handcuffed his hands behind his back. He claims to have suffered bruising, abrasions, injury to his back, and that he was kicked with such force that his teeth were chipped and damaged. Kelly further asserts that the defendants denied him necessary medical treatment, and that they used verbal threats of violence during the course of the alleged events. Plaintiff repeatedly alleges that such acts were unwarranted, unnecessary and unjustified, and rendered with excessive force. He asserts that those acts were done with the "intent to inflict unnecessary harm and humiliation, embarrassment, [] and emotional distress." Amended Compl. ¶ 26.

Kelly's Fourteenth Amendment right, as a pre-trial detainee awaiting trial, to be free from excessive force while detained was violated as a result of the alleged actions of the defendants. Under the facts alleged, the defendants entered his cell and forcefully beat and kicked the handcuffed plaintiff in the face, inflicting severe bodily injury, at a time when he was both successfully restrained and had neither threatened nor posed a threat to the officers. Because this conduct is alleged to have been purposeful, excessive, and in violation of clearly established rights of a pre-trial detainee such as plaintiff to

be free of such unwarranted attack and abuse, the defendant correctional officers, who are charged with misconduct that went far beyond their discretionary function, are not at this juncture on this record entitled to qualified immunity. Accordingly, dismissal of the Count I assault and battery claim and the Count IV § 1983 claim as to defendants Barrett, Graham, Dillard, Wood, Miller, and Channel is denied.

B. Count II

The plaintiff's outrage/intentional and/or reckless infliction of emotional distress claims (Count II) are emotional damages claims which must be dismissed because they are duplicative of the plaintiff's assault and battery claims for which he can recover damages resulting from emotional distress.

The West Virginia Supreme Court of Appeals "treats claims for outrage and assault battery arising from the same events duplicative." Searls v. W. Virginia Reg'l Jail, 2016 WL 4698547, at *4 (S.D. W. Va. 2016) (citing Criss v. Criss, S.E.2d Syl. Pt. 4 (W. Va. 1987)) ("Because an action for assault and battery allows for recovery of damages due to resulting emotional distress, a claim for the tort of outrageous conduct is duplicitous of a claim for assault and battery where both claims arise from the same event."). Because the "law does not permit a double satisfaction for a single injury," the plaintiff

7

"may not recover damages twice for the same injury simply because he has two legal theories." Harless v. First Nat'l Bank, 289 S.E.2d 692, Syl. Pt. 7 (1982).

In Count I, plaintiff claims the defendant correctional officers committed an assault and battery. Under that count Kelly may recover damages resulting from the emotional distress caused by the intentional torts committed by the defendant correctional officers. Accordingly, plaintiff's Count II claim for intentional infliction of emotional distress or outrageous conduct is duplicative and is dismissed as to all defendants.

### III. Conclusion

For the reasons stated herein, it is ORDERED that the motion to dismiss of defendant Correctional Officers Graham, Barrett, Dillard, and Wood (ECF No. 16) and the motion to dismiss of defendant Correctional Officers Channel and Miller (ECF No. 10) be, and hereby are, denied as to Counts I and IV and granted as to Count II, which is dismissed.

The Clerk is directed to transmit copies of this order to all counsel of record, the plaintiff, and to any unrepresented parties.

                **ENTER: July 2, 2019**

                _____
                John T. Copenhaver, Jr.
                Senior United States District Judge